# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-122-FDW

| | |
|---|---|
| CHARLES LEE REED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>A. HYATT, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5).

## I. BACKGROUND

*Pro se* Plaintiff, who is presently a pretrial detainee at the Sevier County Jail in Sevierville, Tennessee, filed this action pursuant to 42 U.S.C. § 1983[1] addressing incidents that allegedly occurred in Cherokee, North Carolina on October 11 and December 20, 2018. He names as Defendants: Cherokee Police Officers A. Hyatt, L. Woodard, and A. Arthur in their official capacities and Cherokee Indian Hospital Doctor Orlando Nieves in his individual capacity. The Complaint's statement of fact section alleges *verbatim*:

> The Cherokee Police Officers physically assaulted me, violated my 8th Amendment rights by illegally detaining and searching me. Dr. Nieves physically assaulted me and denied me my rights to medical attention. I was illegally extradited from Cherokee, N.C. to Sevierville TN.

(Doc. No. 1 at 5).

Plaintiff alleges that Defendants also violated several other of his civil rights. (Doc. No. 1

---

[1] Plaintiff also cites Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), but he fails to name any federal employee as a defendant or otherwise explain how Bivens applies.

1

at 3-4). Plaintiff claims that he suffered "shoulder injuries due to the assault by Cherokee police" and that he was taken to Cherokee Indian Hospital where he "received injuries from Dr. Nieves, and subsequently denied medical attention." (Doc. No. 1 at 5). Plaintiff seeks medical treatment, compensation for medical bills, and compensation for "mental and physical anguish." (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under

federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.   DISCUSSION**

In its initial review, the Court finds that Plaintiff's Complaint suffers from many deficiencies. Plaintiff must therefore amend his Complaint, or this action will be subject to dismissal without prejudice and without further notice to Plaintiff.

For instance, Plaintiff only asserts claims against the Defendant police officers in their official capacities. However, his allegations are completely conclusory and fail to explain each of the Defendant police officers' actions. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, Plaintiff provides no basis for an official-capacity claim against any of these Defendants. See generally King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016) (an official-capacity suit is treated as a suit against the entity, which must then be a moving force behind the deprivation, thus, the entity's policy or custom must have played a part in the

violation of federal law) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981), Monell v. Dep't of Soc. Servs. of City of NY, 436 U.S. 658, 694 (1978)).

Plaintiff's claims against Dr. Nieves in his individual capacity fare no better. See generally King, 825 F.3d at 223 (for personal liability, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Plaintiff fails to allege that Dr. Nieves, who appears to be a private citizen, acted under the color of state law. See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (to state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). Moreover, the allegations that Dr. Nieves' actions and/or inactions violated Plaintiff's rights and injured him are completely conclusory and lacking in any factual support. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

Further, Plaintiff's references to violations of "other civil rights" are completely conclusory and insufficient to state a claim against any of the Defendants. (Doc. No. 1 at 4); see id.

In sum, Plaintiff's Complaint, as submitted, fails to state a claim against any named Defendant and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will allow Plaintiff the opportunity to amend his Complaint, if he so chooses.

**IV. CONCLUSION**

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to file an Amended Complaint,

particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file an Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an Amended Complaint, if he so wishes.

Signed: December 7, 2019

Frank D. Whitney
Chief United States District Judge