# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00122-MR

| | |
|---|---|
| CHARLES LEE REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| A. HYATT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Docs. 7-8].  Plaintiff is proceeding *in forma pauperis*.  [Doc. 5].

**I.  BACKGROUND**

*Pro se* Plaintiff, who is a pretrial detainee at the Sevier County Jail Annex in Sevierville, Tennessee, filed this civil rights suit pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), addressing incidents that allegedly occurred at the Cherokee Tribal Reservation.  [See Doc. 8 at 4]. The Complaint [Doc. 1] was deficient and Plaintiff was given the opportunity to amend.[1]  [Doc. 6].

---

[1] The case was assigned to Judge Frank D. Whitney at the time.

In the Amended Complaint, Plaintiff names as Defendants: A. Arthur, A. Hyatt, and L. Woodard, police officers with the Cherokee Police Department; and Orlando Nieves, a medical doctor at the Cherokee Indian Hospital.

Plaintiff alleges that he was unlawfully detained by Defendants Arthur, Hyatt, and Woodard at a store on October 11, 2018. Plaintiff alleges that he was stopped, frisked, then told he could leave. However, Defendant Woodard then requested Plaintiff's identification and, as Plaintiff complied, Defendants Arthur and Woodard pulled Plaintiff out of his vehicle and struck him repeatedly, causing severe back pain. [See Doc. 7 at 2].

Plaintiff alleges that he requested immediate medical attention. Plaintiff was taken to the Cherokee Indian Hospital where Defendant Nieves allegedly pressed on Plaintiff's throat repeatedly and, as a result, Plaintiff had to spit in order to breathe. According to Plaintiff, this was "considered an aggressive gesture, and Dr. Nieves struck [Plaintiff] in the face" repeatedly and refused to provide him with medical treatment. [Doc. 7 at 1-2]; [Doc. 8 at 3].

Plaintiff seeks "monetary compensation for pain and suffering." [Doc. 8 at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Bivens imposes equivalent liability on federal government actors for constitutional violations. See Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006).

All of the named Defendants are employees of the Eastern Band of Cherokee Indians (EBCI), an Indian Tribe within the meaning of the Constitution and laws of the United States. See Haile v. Saunooke, 246 F.2d 293 (4th Cir. 1957) (the right to sue EBCI is dependent on the consent of the United States); United States v. Parton, 132 F.2d 886 (4th Cir. 1943) (rejecting contentions that EBCI is not an Indian Tribe and that the land it occupies is not an Indian reservation within the meaning of Indian trading statutes). Indian tribes are "quasi-sovereign nations which, by government structure, culture, and source of sovereignty are in many ways foreign to the constitutions of the Federal and State Governments." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 71 (1978); see Crowe v. Eastern Band of Cherokee Indians, Inc., 584 F.2d 45 (4th Cir. 1978). "[T]ribes generally do not act under color of state law." Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cnty. of the Bishop Colony, 538 U.S. 701, 713 (2003) (Stevens, J. concurring). Because the named Defendants are not federal government actors, Plaintiff has failed to state a Bivens claim.

Plaintiff also has failed to state a § 1983 claim because none of the named Defendant were acting under the color of state law during the incidents at issue. EBCI is not a municipal corporation or an agency of the State of North Carolina. Therefore, as a matter of law, EBCI employees are not state employees nor were they acting under the color of state law in undertaking their police and medical duties. See Inyo, 538 U.S. at 713; Pitre v. Shenandoah, 633 F. App'x 44, 45 (2d Cir. 2016) (affirming the dismissal of § 1983 claims because defendants "cannot plausibly be considered *state* actors for purposes of § 1983, since only *tribal*, not state, action occurred."); Toineeta v. Andrus, 503 F. Supp. 605, 608 (W.D.N.C. Aug. 15, 1980) (granting defendant EBCI Tribal Council members and officials' motion to dismiss plaintiff's § 1983 claims against them because "as a matter of law the Indian Defendants are not state employees nor were they acting under the color of state law at the times alleged in the complaint."). Accordingly, none of the Defendants can plausibly be considered state actors under § 1983.

For all these reasons, Plaintiff's Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.[2] The dismissal will be with prejudice because amendment would be futile.

---

[2] It appears likely that Plaintiff's claims are also barred by sovereign immunity. The Court

5

Case 1:19-cv-00122-MR   Document 9   Filed 10/05/20   Page 5 of 6

## IV. CONCLUSION

In sum, the Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge

---

need not reach that issue, however, because the Complaint is subject to dismissal on other grounds. See generally Thomas v. Dugan, 168 F.3d 483, 483 (4th Cir. 1998) ("Indian tribes generally enjoy a common law immunity from suit" and "[t]ribal entities and individual tribal officers acting within their representative capacity within the scope of their authority are also shielded by sovereign immunity.").